## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

American Civil Liberties Union and the American Civil Liberties Union Foundation,

Plaintiffs,

v.

Department of Justice, including its components the Office of Legal Counsel and Office of Information Policy; Department of Defense; Department of State; and Central Intelligence Agency,

Defendants.

Civil Action No. _____

**15 CV 1954**

**COMPLAINT**



## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is a lawsuit seeking the release of records pertaining to the U.S. government's "targeted-killing" program.

2.      For more than a decade, the Central Intelligence Agency ("CIA") and the military's Joint Special Operations Command ("JSOC") have used lethal force to target suspected "militants," "insurgents," and "terrorists" in at least half a dozen countries, including in areas far-removed from conventional battlefields.

3.      The targeted-killing program has resulted in the deaths of hundreds of foreign nationals, many of them children, engendering resentment and anger in countries where targeted killings frequently occur.

4.      The government's reliance on the program in counterterrorism operations has increased dramatically in recent years, resulting in escalating public and congressional concern about the program and its legal and factual underpinnings.

5.      Despite requests from legal scholars, human rights organizations, members of the media, and elected officials, the government has disclosed scant information about (1) the legal basis for the targeted-killing program; (2) the standards and evidentiary processes the government uses to evaluate (and approve or reject) the use of lethal force in particular instances; (3) before-the-fact and after-action assessments of civilian and bystander causalities; and (4) the number, identities, legal status, and suspected affiliations of those killed (intentionally or not).

6.      This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking injunctive and other appropriate relief, including the immediate processing and release of records sought by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from Defendants Department of Justice ("DOJ"), Department of Defense ("DOD"), Department of State ("DOS"), and CIA (collectively "Defendants") through a FOIA request ("Request") made by the ACLU more than a year ago. The Request sought records concerning the targeted-killing program.

7.      Plaintiffs submitted the Request to the DOJ, DOD, DOS, and CIA, as well as to specific components of the DOJ, including the Office of Legal Counsel ("OLC") and Office of Information Policy ("OIP"). Plaintiffs sought expedited processing and a waiver of fees.

8.      To date, no agency has released any record in response to the Request.

### Jurisdiction and Venue

9.      This Court has subject-matter and personal jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701-706.

10.      Venue is premised on the place of business of the ACLU and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

11.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to ensuring that the U.S. government acts in compliance with the Constitution and laws, including international legal obligations.  The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.  Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed form) is a critical and substantial component of the ACLU's work and one of its primary activities.

12.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

13.     Defendant DOJ is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OLC and OIP, from which the ACLU has also requested records, are components of DOJ.

14.     Defendant DOD is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

15.     Defendant DOS is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

16.     Defendant CIA is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**The ACLU's Request**

17.     On October 15, 2013, the ACLU submitted the Request for records pertaining to
(1) "the legal basis in domestic, foreign, and international law upon which the government may
use lethal force against individuals or groups;" (2) "the process by which the government
designates individuals or groups for targeted killing;" (3) "before-the-fact assessments of civilian
or bystander casualties in targeted-killing strikes and any and all records concerning 'after-
action' investigations into individual targeted-killing strikes;" and (4) "the number and identities
of individuals killed or injured in targeted-killing strikes."

18.     The ACLU sought expedited processing, contending that the records were
urgently needed to inform the public about actual or alleged Federal Government activity and
that the ACLU was primarily engaged in disseminating information. *See* 5 U.S.C. §
552(a)(6)(E)(v); *see also* 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. §
1900.34(c)(2). The ACLU also sought expedited processing on the grounds that the records
related to a "breaking news story of general public interest." 32 C.F.R. § 286.4(d)(3)(ii)(A); *see
also* 28 C.F.R. § 16.5(d)(1)(iv).

19.     The ACLU sought a waiver of search, review, and duplication fees on the basis
that disclosure of the requested records was in the public interest because it was "likely to
contribute significantly to public understanding of the operations or activities of the government
and [was] not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii);
*see also* 28 C.F.R. § 16.11(k)(1); 32 C.F.R § 286.28(d); 32 C.F.R. § 1900.13(b)(2). The ACLU
also sought the waiver on the basis that the ACLU constituted a "representative of the news
media" and that the records were not sought for commercial use. *See* 5 U.S.C. §

552(a)(4)(A)(ii)(II); *see also* 32 C.F.R. § 286.28(e)(7); 32 C.F.R. § 1900.13(i)(2); 28 C.F.R. § 16.11(d).

## The Government's Response to the Request

20.     None of the defendant agencies has released any record in response to the Request. The agencies have responded inconsistently to the ACLU's request for expedited processing and waiver of fees.

### DOJ Office of Legal Counsel

21.     On October 25, 2013, OLC denied the ACLU's request for expedited processing under 28 C.F.R. § 16.5(d)(1)(ii) ("An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."), but referred the request to the Director of the Office of Public Affairs to determine whether to grant expedited processing under 28 C.F.R. 16.5(d)(1)(iv) ("A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."). The OLC deferred its decision on the request for a fee waiver.

22.     On December 6, 2013, DOJ Office of Public Affairs granted the ACLU's request for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

23.     By email dated January 8, 2014, the parties memorialized an agreed-upon modification to the scope of the ACLU's request to OLC.

24.     The ACLU has received no further response or correspondence from OLC.

## DOJ Office of Information Policy

25.     On December 31, 2013, OIP acknowledged the request for expedited processing but advised the ACLU that "unusual circumstances" would impact the time required to process the Request.

26.     By email on January 29, 2014, the parties memorialized an agreed-upon modification to the scope of the ACLU's request to OIP.

27.     The ACLU has received no further response or correspondence from OIP.

## Department of Defense

28.     On October 29, 2013, DOD denied the ACLU's request for expedited processing and advised the ACLU that "unusual circumstances" would impact the time required to process the Request. The response did not address ACLU's request for a fee waiver.

29.     By letter dated December 18, 2013, the ACLU timely filed an administrative appeal of DOD's denial of expedited processing.

30.     By letter dated February 18, 2014, DOD asked the ACLU to clarify the scope of the Request and suggested certain modifications.

31.     On March 10, 2014, the ACLU responded, clarifying the Request and agreeing to modify certain aspects of it.

32.     On May 2, 2014, DOD denied the ACLU's appeal of the agency's denial of expedited processing.

33.     The ACLU has received no further response or correspondence from DOD.

Department of State

34.     On October 18, 2013, DOS's Office of Information Programs & Services denied the ACLU's request for expedited processing, stating that the ACLU had failed to demonstrate a "compelling need" for the requested records. The DOS granted the request for a fee waiver.

35.     By letter dated November 6, 2013, the ACLU timely filed an administrative appeal of DOS' denial of expedited processing. By letter dated December 3, 2013, DOS informed the ACLU that it had reconsidered its earlier determination and that it would grant expedited processing.

36.     By letter dated February 20, 2014, DOS asked the ACLU to clarify the scope of the Request and suggested certain modifications.

37.     On March 10, 2014, the ACLU responded, clarifying the Request and agreeing to modify certain aspects of it.

38.     The ACLU has received no further response or correspondence from DOS.

Central Intelligence Agency

39.     On November 4, 2013, the CIA denied the ACLU's request for expedited processing.

40.     On February 14, 2014, the CIA informed the ACLU that it had "completed a thorough review" of the Request and "that if any records existed, the volume or nature of those records would be currently and properly classified."

41.     By letter dated March 27, 2014, the ACLU timely filed an administrative appeal of the CIA's response.

42.     The ACLU has received no further response or correspondence from the CIA.

## Causes of Action

43.     Defendants' failure to make a reasonable effort to search for records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

44.     Defendants' failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

45.     The failure of Defendants DOD and CIA to grant the ACLU's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and the Defendants' corresponding regulations.

46.     The failure of Defendants OLC, OIP, DOD and CIA to grant the ACLU's request for a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II) and the Defendants' corresponding regulations.

47.     The failure of Defendants OLC, OIP, DOD and CIA to grant the ACLU's request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 52(a)(4)(A)(iii), and the Defendants' corresponding regulations.

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants immediately to produce all records responsive to the Request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

March 16, 2015                                 Respectfully submitted,

Jameel Jaffer
Hina Shamsi
Matthew Spurlock
American Civil Liberties Union
    Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
JJaffer@aclu.org