**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| American Civil Liberties Union and the American Civil Liberties Union Foundation,<br><br>                              Plaintiffs,<br><br>v.<br><br>Department of Justice, including its components the Office of Legal Counsel and Office of Information Policy; Department of Defense; Department of State; and Central Intelligence Agency,<br><br>                              Defendants. | 15 Civ. 1954 (CM) |

**PLAINTFFS' OPPOSITION TO DEFENDANTS' MOTION FOR**
**MODIFICATION OF SCHEDULING ORDER**

Plaintiffs the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") write in opposition to the government's motion to modify the Court's April 30, 2015 scheduling order, which requires each defendant agency to submit *Vaughn* indexes addressing documents withheld in full or part by July 17, 2015. ECF No. 16.

As an initial matter, the government's assertion that preparing *Vaughn* indexes by July 17 would impose an undue hardship is unpersuasive. The ACLU's FOIA request was filed on October 15, 2013. Twenty months have passed since then, but none of the agencies has provided the ACLU with any substantive response—unless one counts the CIA's *Glomar* / no-number no-list response. The agencies' responses are now long overdue, and certainly the agencies have

had ample time to prepare *Vaughn* indexes. As this Court has noted, the government cannot fairly claim to have been surprised by the obligation to justify its withholdings. ECF No. 16.[1]

The ACLU submits that the government should be required to submit its *Vaughn* indexes by July 17, as contemplated by the Court's April 30 scheduling order, for at least two reasons.

First, the *Vaughn* indexes will likely aid the ACLU in preparing its filing concerning waiver. *See* ECF No. 16 (directing the ACLU to submit by August 28 "a brief and exhibits indicating each and every Public Disclosure on which [it] intend[s] to rely to argue that Withheld Documents must be disclosed because any otherwise-applicable FOIA exemptions have been waived"). For example, if the *Vaughn* indexes indicate that the government regards all information about a specific category of drone strikes (e.g. strikes by a particular agency, or in a particular country) to be classified, the ACLU would endeavor, in its August 28 filing, to point the Court to instances in which the government has disclosed information relating to that topic. Without the agencies' *Vaughn* indexes, it will be more difficult for the ACLU to prepare its waiver filing, because it will be less clear to the ACLU which categories of information the government is intending to withhold and on what basis.

Second, the *Vaughn* indexes may aid the ACLU in narrowing the request and narrowing the issues before the Court.[2] The government's assertion that the indexes will not be helpful in this regard appears to be predicated on the theory that the indexes will provide only meager information about the withheld documents. Settled law, however, requires a *Vaughn* index to

_____

[1] The government's suggestion *Vaughn* indexes must be filed simultaneously with motions for summary judgment is without merit. Although *Vaughn* indexes are not required in administrative appeals, they *are* generally required in connection with summary judgment, and the government does not dispute that the court has the authority to dictate the timing of submissions in accordance with the interests of efficiency and justice.

[2] As the government notes, the ACLU has already narrowed its request significantly, and it has also agreed to stay certain aspects of its request relating to the CIA. ECF No. 19, at 6.

include "a relatively detailed analysis [of the withheld material] in manageable segments'

without resort to 'conclusory and generalized allegations of exemptions.'" *Halpern v. FBI*, 181

F.3d 279, 290 (2d. Cir. 1999) (quoting *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973)).

Such detail is necessary to "correct the adversarial imbalance of information, and to permit more

effective factual review." *Id.*  Although the government may of course avoid descriptions that

would reveal properly classified or protected information, the government's contention that its

*Vaughn* indexes will be unhelpful suggests that it continues to rely on claims of secrecy that have

already been rejected by the Second Circuit.  *N.Y. Times v. Dep't of Justice,* 756 F.3d 100, 122

(2d. Cir. 2014).

   For the reasons stated above, the ACLU respectfully submits that the Court should deny

Defendants' motion for modification of the April 30 scheduling order.


               Respectfully submitted,

               */s/ Jameel Jaffer*

               Jameel Jaffer
               Hina Shamsi
               Matthew Spurlock
               American Civil Liberties Union Foundation
               125 Broad Street, 18th Floor
               New York, NY 10004
               212-549-2500

               *Attorneys for Plaintiffs*

Dated:  July 2, 2015