UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

AMERICAN CIVIL LIBERTIES UNION and
THE AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

      Plaintiffs,

  -against-                                  15 Civ. 1954 (CM)

DEPARTMENT OF JUSTICE, including its
Components in the Office of Legal Counsel and
Office of Information Policy, DEPARTMENT OF
DEFENSE, DEPARTMENT OF STATE, and
CENTRAL INTELLIGENCE AGENCY,

      Defendants.

_____x

**ORDER MODIFYING APRIL 30, 2015 SCHEDULING ORDER AND OTHERWISE
ISSUING DIRECTIONS FOR THE FURTHER CONDUCT OF THIS ACTION**

McMahon,

      The Government has moved for a modification of the scheduling order issued by this court on April 30, 2015.

      The court agrees with the Government that the preparation of preliminary Vaughn Indices is unlikely to lead to any meaningful resolution of issues with Plaintiffs. The court also has no interest in engaging in duplicate litigation. Accordingly:

1. The Government's request to be excused from filing early preliminary Vaughn Indices is granted. There is no need for the ACLU to file a response.

2. This court will not require the Government to produce in this lawsuit documents responsive to the FOIA requests made in the predecessor lawsuits that I have been handling for the past three years: *New York Times v. Department of Justice*, No. 11 Civ. 9336 (CM) and *ACLU v. Department of Justice*, No. 12 Civ. 794 (CM) (hereafter *New York Times/ACLU I*). To the extent that the FOIA requests in this lawsuit can

reasonably be interpreted to include documents that were listed on the Vaughn Indices in those lawsuits, the court intends to dismiss those requests as duplicative and barred by *res judicata* without undergoing yet another round of document-by-document analysis. This will probably take care of many documents responsive to ACLU Requests (1) and (2) that are in the files of the Departments of Justice and Defense, as well as the CIA. The Defendant Agencies should be guided by this "no second bite at the apple" principle when preparing any Vaughn Index in this case. The Government should also include former adjudication arguments in its motion for summary judgment – including any argument that the addition of the Department of State as a defendant in this action (it was not named in the prior actions in this court) does not bar application of collateral estoppel, or even res judicata, as to documents in the files of any agency (including State), because the Department is either (i) the same party as the other Defendant Agencies, or (ii) in privity with the other Defendant Agencies. *EDP Medical Computer Systems, Inc., v. United States*, 480 F. 3d 621, 625 (2d Cir. 2007)(res judicata applies when an issue was actually litigated by the same parties or those in privity with them).

3. The ACLU has agreed to stay the Government's obligation to respond to Requests (3) and (4) pending appellate review of the recent decision dismissing the District of Columbia case entitled *ACLU v. CIA*, Case No. 1:10-cv-436 (RMC), -- F. Supp. 3d --, 2015 WL 3777275 (D.D.C. June 18, 2015). That partial stay of proceedings is so ordered. As soon as the stay is lifted, I expect the Government to move to dismiss this lawsuit insofar as it duplicates the ACLU's lawsuit, because it appears that the ACLU has already litigated much of what seems to be at issue in this case. It will then be the ACLU's burden to explain what was not raised, *or could have been raised*, in the District of Columbia lawsuit – remembering that issues that were not litigated but could have been litigated in that lawsuit may well be barred from litigation here. See, e.g., *EDP Medical Computer Systems, Inc., v. United States*, 480 F. 3d 621, 625 (2d Cir. 2007)(res judicata); *Johnson v. Watkins*, 101 F. 3d 792, 794 (2d Cir. 1996) (collateral estoppel).

4. The summary judgment motion the Government anticipates making this fall can, therefore, be limited to documents responsive to (1) and (2) that were not identified as responsive to the requests in *New York Times/ACLU I*, together with any former adjudication arguments that may be applicable to those requests.

The clerk should remove the motion at Docket # 18 from the Court's list of open motions.

Dated: July 9, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL