

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<small>86 Chambers Street
New York, New York 10007</small>

March 4, 2016

Hon. Colleen McMahon
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, NY 10007

    Re:    *ACLU v. Department of Justice*, 15-cv-01954 (CM)

Dear Judge McMahon:

    We write respectfully on behalf of defendants (the "Government") in the above-referenced case, and in response to the Court's February 25, 2016 Memorandum Order Directing Production of Documents for In Camera Review (the "February 25, 2016 Order" or "Order"). The Government has reviewed the February 25, 2016 Order for any classified information, and has determined that it contains none. Accordingly, the Government has no objection to its public posting. The Order directed the Government to produce three documents for *in camera* inspection: OLC Document 306, known as the Presidential Policy Guidance or "PPG," and DOD Documents 7 and 8, two Department of Defense reports to Congress that have previously been released to plaintiffs in redacted form.

    As the Court is aware, on May 23, 2013, the Government officially released a document that discussed the standards and procedures for the use of force in counterterrorism operations outside the United States and areas of active hostilities. Although information in that document is reflected in the PPG, the PPG contains a much more detailed explanation of the standards and procedures employed in both capture and lethal targeting counterterrorism operations. Before receiving the Court's February 25, 2016 Order, the Government was engaged in extensive discussions regarding the possibility of discretionarily releasing portions of the PPG. Lengthy, high-level, inter-agency coordination was necessary to ensure that the sensitive national security classification equities contained in that document remain protected. Following those deliberations, the Government has determined to waive privilege and the protections of FOIA Exemption (b)(5) over the PPG, and to rely on Exemptions (b)(1) and (b)(3) for discrete pieces of national security information that remain properly classified and statutorily protected.

    In addition, as a result of the additional review and coordination discussed above, the Government has determined some limited information covered by Exemptions (b)(1) and (b)(3) is also protected by Exemption (b)(7)(F). That exemption protects information "compiled for law enforcement purposes" that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The PPG was compiled for law enforcement and counterterrorism purposes, and discusses both capture and targeting operations. Discrete information in the PPG identifies certain governmental positions that are occupied by identifiable

individuals, the disclosure of which in connection with the PPG could make those individuals targets of terrorist activity. Accordingly, the information redacted pursuant to this exemption (which is also classified and covered by Exemptions (b)(1) and (b)(3)) meets the criteria for protection under Exemption 7(F). Although the Government did not rely on Exemption (b)(7)(F) in its initial summary judgment motion, we respectfully request that the Court accept this letter as a supplement to that motion for purposes of adding Exemption (b)(7)(F) for these limited redactions. *See ACLU v. Dep't of Defense*, 389 F. Supp. 2d 547, 574-75 (S.D.N.Y. 2005) (considering assertion of Exemption (b)(7)(F) made for the first time after motion for summary judgment had been briefed and argued, given the "paramount concern" for the physical safety of the individuals on whose behalf the exemption was asserted).

Once the Court issues its final ruling on these documents, including with respect to the remaining redactions in the PPG, the Government intends to produce to plaintiffs an unclassified redacted version of OLC 306 (the PPG), as well as new versions of DoD Documents 7 and 8, with additional information unredacted to conform to the release of the redacted PPG. The remaining redactions in those DOD documents continue to be properly classified and withheld despite the release of the redacted PPG, for the reasons articulated in the Government's classified summary judgment submission. We have lodged for the Court's *in camera* and *ex parte* review a classified, read-through version of the PPG reflecting the discrete information that continues to be withheld, together with a classified declaration explaining why that information continues to be classified and properly withheld under FOIA, and why there has been no waiver of protection as to the withheld information. We have also lodged for the Court's *in camera* and *ex parte* review a read-through version of DoD Documents 7 and 8, highlighting the additional information proposed for release.

We thank the Court for its consideration of this submission.

                          Respectfully,

| | |
|---|---|
| BENJAMIN C. MIZER | PREET BHARARA |
| Principal Deputy Assistant Attorney General | United States Attorney for the Southern District of New York |
| | |
| By: */s/ Elizabeth J. Shapiro* | By: /s *Sarah S. Normand* |
| ELIZABETH J. SHAPIRO | SARAH S. NORMAND |
| AMY POWELL | Assistant United States Attorney |
| STEPHEN ELLIOTT | Telephone: (212) 637-2709 |
| Attorneys, Federal Programs Branch | sarah.normand@usdoj.gov |
| Civil Division, U.S. Dept. of Justice | |
| Telephone: (202) 514-5302 | |
| elizabeth.shapiro@usdoj.gov | |